UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY HARDMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-801-RLM-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jerry Hardman, a prisoner without an attorney, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-06-162) in which a disciplinary hearing officer found him guilty of attempting to traffic in violation of Indiana Department of Correction policy A-111. He was sanctioned with the loss of 30 days earned credit time. Mr. Hardman raises two grounds in his petition, which he claims entitle him to habeas corpus relief.

The Conduct Report charged Mr. Hardman as follows:

On the above date [June 5, 2016] at approximately 7:30am offender Hardman, Jerry doc# 978729 stated to me, Officer Johnson, by the officer station that he has a proposition for me that could make me and him some money. He further stated that he has a cell phone and he will give me some cash money to purchase a disposable phone to contact him on tonight, to discuss the proposition.

ECF 6-1. The Department of Correction prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Indiana Department of Correction, Adult Disciplinary Process: Appendix I, A-113.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law defines trafficking as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
> (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
> (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

Ind. Code § 35-44.1-3-5 (West). IDOC A-111, the offense Mr. Hardman was convicted of violating, prohibits offenders from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. Trafficking is a Class A offense. Id.

In Ground One, Mr. Hardman argues that he was entrapped into trafficking. He claims that when he initially propositioned Officer Johnson, she told him that she wasn't interested in his proposal, and walked away. Mr. Hardman claims that ten minutes later Officer Johnson returned, told him that she wanted to accept his offer, he accepted, and she asked for him for a phone number where she should reach him to arrange the financial transaction. Mr. Hardman appears to argue that he was entrapped into trafficking because after his initial offer was rejected it was Officer Johnson who initiated the scheme.

2

Ground One doesn't state a claim for habeas corpus relief. Department of Correction policy prohibits offenders from participating in a scheme to traffic — the offender need not have initiated the scheme. Moreover, entrapment isn't a defense in the prison disciplinary context. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Defenses that might be applicable in a criminal trial don't apply in the disciplinary context. See e.g., Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (self-defense is "certainly not" an available defense to prisoner's disciplinary conviction for assault and battery). In fact, prison officials wouldn't be required to accept such defenses even if the prisoner was able to establish that he would have a substantive right to the defense in the criminal context. Id. Rather, the prison's administrative needs trump the prisoner's right to pursue all possible defenses to his disciplinary charge. Id; see also Wolff v. McDonnell, 418 U.S. at 566. Ground One does not identify a basis for habeas corpus relief.

In Ground Two, Mr. Hardman argues that he was denied timely access to a written report of the disciplinary findings, and thus was unable to file a timely administrative appeal of those findings. Prisoners don't have a constitutional right to an effective prison grievance system. Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015) ("the inadequacies of the grievance process itself, as distinct from its consequences, cannot form the basis for a constitutional claim"). Because the Respondent hasn't asserted an exhaustion defense, Mr. Hardman's access to his

3

administrative appeals has no bearing on his federal habeas corpus claim. While offenders are entitled to a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken, see Wolff v. McDonnell, 418 U.S. at 563, there is no due process time-frame in which such a report must be provided. Ground Two does not identify a basis for habeas corpus relief.

The court DENIES the petition for writ of habeas corpus. (ECF 1) The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: September 5 , 2017.         /s/ Robert L. Miller, Jr.
                                     Judge
                                     United States District Court